**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No.  1:11 CR 137** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **PETER BEICHL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Peter Beichl's Motion to Dismiss and Motion to Continue

Trial.  (**Doc #: 17**.)   The Court has reviewed Defendant's Motion (id.)and the Government's

opposition brief (Doc #: 20) and is prepared to issue its ruling.

On April 16, 2011, Defendant Peter Beichl was charged in a three-count indictment.

Beichl seeks dismissal of Counts One and Two only.  Count One charges Beichl with violating

18 U.S.C. §§ 1591 and 1594.  Section 1594 punishes those who attempt to violate § 1591.

Section 1591 criminalizes the conduct of any person who "knowingly – (1) in or affecting

interstate or foreign commerce, . . . entices . . . obtains, or maintains by any means a person . . .

knowing, or in reckless disregard of the fact, . . . that the person has not attained the age of 18

years and will be caused to engage in a commercial sex act."  18 U.S.C. § 1591.  Beichl seeks

dismissal of Count One under Crim. R. Fed. P. 12 based on the Government's alleged inability to

prove the essential elements of the charge.  The Government argues that the motion should be

denied because Count One is viable on the facts alleged.  At the very least, the Government

argues, the motion should be denied as premature since it requires findings of fact through a trial.

 The Court denies the motion to dismiss Count One because it is premature.

Count Two of the indictment charges Beichl with a violation of 18 U.S.C. § 2251(a), which criminalizes the sexual exploitation of children, and specifically targets: "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . , with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . .."  18 U.S.C. § 2251(a).  Beichl seeks dismissal of Count Two because the statute does not apply to individuals like Beichl who are targeted through a sting operation, and where there is no proof of picture/video production.  The Government argues that the motion should be denied because (1) Beichl is charged with the attempted violation of § 2251(a), and (2) his alleged conduct is sufficient to support such a charge.  The Court denies the motion because Beichl is in fact charged with attempted violation of § 2251(a).  That is, he is alleged to have paid an extra $200.00 to have his sexual activities photographed and videotaped, and he brought with him, from Germany, his own Sony Handycam with two 16 GB memory cards and tripod.  Assuming the Government can prove its allegations, a jury could reasonably conclude that Beichl took a substantial step toward visually memorializing his sexual activities.

For these reasons, the Court **DENIES** the Motion to Dismiss Counts One and Two. The Court will promptly contact counsel to determine future pretrial and trial dates.  As such, the Motion to Continue Trial is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster    July 11, 2011*
**Dan Aaron Polster**
**United States District Judge**

-2-